## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 9:23-cv-80902

**MELANI HENKLE,**

> *Plaintiff,*

**vs.**

**MONKEY IN PARADISE, LLC
and PATRICK MCGEENEY,**

> *Defendants.*

_____/

## COMPLAINT AND
## DEMAND FOR JURY TRIAL

Plaintiff, Melani Henkle, through her counsel, sues Defendants, Monkey in Paradise, LLC and Patrick McGeeney, and in support thereof alleges as follows:

### JURISDICTION, AND VENUE

1.      This Court has original jurisdiction over this civil action pursuant, among other things, to 28 U.S.C. §§ 1331. The Court also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367.

2.      Venue is proper in the Southern District of Florida because the workplace in which the unlawful practices were committed is in the Southern District of Florida.

3.      All conditions precedent to bringing this action, if any, have occurred, have been waived, or would be a useless act and are accordingly waived.

THE BURTON FIRM

4.     Plaintiff has retained the undersigned law firm to represent her in this action and promised to pay a reasonable fee.

5.     Plaintiff is entitled to recover reasonable attorneys' fees and costs under, *inter alia*, the Fair Labor Standards Act and Florida law.

## PARTIES

6.     Plaintiff, Melani Henkle ("Plaintiff"), is a citizen of Florida residing in Palm Beach County, and is competent to bring this action.

7.     Defendant, Monkey in Paradise, LLC ("Monkey in Paradise"), is a Florida limited liability company with a principal address of 3300 South Dixie Highway, Suite 1-778, West Palm Beach, Florida 33405, and is *sui juris*.

8.     Monkey in Paradise is a vodka distillery whose products are distributed and sold in numerous states around the United States. For instance, in August 2021, Boca Magazine quoted Monkey in Paradise's chief executive officer, Defendant Patrick McGeeney, as stating that "consumer demand is outstanding," and as a result, "the company grew in 2017 from a few hundred cases in Florida to being in more than 25 states today with projections for later this year of 50,000 cases." Marie Speed, *Anatomy of a Brand: Monkey in Paradise Vodka*, BOCA MAGAZINE (Aug. 20, 2021),     [https://www.bocamag.com/anatomy-of-a-brand-monkey-in-paradise-vodka/](https://www.bocamag.com/anatomy-of-a-brand-monkey-in-paradise-vodka/) (last accessed May 22, 2023).

9.     Defendant, Patrick McGeeney ("McGeeney"), is a citizen of Florida residing at 1617 North Flagler Drive, Apartment 1001, West Palm Beach, FL 33407, in

THE BURTON FIRM

Palm Beach County, and is *sui juris*. At all relevant times, McGeeney was the chief executive officer of Monkey in Paradise.

## NATURE OF ACTION

10.     This action is brought for unpaid wages, failure to pay minimum wage, liquidated damages, and other relief under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended (the "**FLSA**"), as well as other claims under state law.

11.     At all times relevant hereto, Monkey in Paradise is and was an "employer" as defined in 29 U.S.C. § 203(d).

12.     Monkey in Paradise is an "enterprise" as defined by 29 U.S.C. § 203(r), which is engaged in commerce or in the production of goods and materials for commerce and/or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person within the meaning of the 29 U.S.C. § 203(s). Monkey in Paradise is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.00, exclusive of excise taxes.

13.     During her employment, Plaintiff was engaged in commerce or in the production of goods and materials for commerce. During her employment, Plaintiff did handle, sell, or otherwise work on and/or with goods and materials that have been moved in or produced for commerce by any person.

14.     During her employment, Plaintiff handled, sold, and/or otherwise worked on and/or with goods and materials that moved in interstate commerce.

B THE BURTON FIRM

15.     During her employment, Plaintiff also performed work directly essential to interstate commerce and Monkey in Paradise's business by, among other things, handling items that passed through interstate commerce.

16.     The Plaintiff was hired as a non-FLSA-exempt employee by the Defendant.

17.     On or about August 19, 2022, Plaintiff and Monkey in Paradise entered into an employment contract. Pursuant to the agreement, Plaintiff was required to "devote substantially all of [her] business time, energy and skill to the performance of [her] duties of the Company and hold no other employment."

18.     Plaintiff's job was to set up events, help design and purchase point of sale materials, increase sales for the distillery and develop customer relationships, including, *e.g.*, wholesale liquor distributors, retail stores and bar and restaurant operators.

19.     Although Plaintiff's job title was "South Florida Market Manager," Plaintiff did not possess managerial or other executive authority within the meaning of any FLSA exemption. For example, she did not supervise any subordinate employees, she had no hiring or firing authority, she had no authority over decisions involving wages or disbursement of funds, and she otherwise failed to meet the standard of a manager or executive who would be exempt under the FLSA.

20.     During her employment, the Defendant willfully refused to properly compensate Plaintiff for all her hours worked in violation of the FLSA and other laws.

THE BURTON FIRM

21.     All records concerning the number of hours worked by Plaintiff, to the extent there are any at all, are presumably in the exclusive possession and sole custody and control of the Defendants, and therefore, Plaintiff is unable to state at this time the exact amount due. However, even these records are likely to be suspect, should they exist at all, because Defendant did not maintain a system for tracking hours worked, at least as far as it relates to Plaintiff.

22.     Defendant knew and/or showed reckless disregard of FLSA provisions concerning the payment of all wages owed to Plaintiff, including minimum wage.

23.     As a result of Defendant's intentional, willful, and/or reckless acts, Plaintiff has suffered damages.

24.     First, Monkey in Paradise failed to pay Plaintiff any wages for the entire pay period of January 1-15, 2023. The amount owed to Plaintiff for this pay period was approximately $2,719.00.

25.     Second, Monkey in Paradise failed to reimburse Plaintiff approximately $7,128.21, as required, for costs expended by her, between September 2022 and January 2023.

26.     Third, because Monkey in Paradise failed to pay Plaintiff for an entire pay period in January 2023, Monkey in Paradise also failed to pay Plaintiff the federal minimum wage for that time period. At the federal minimum wage of $7.25 per hour for 40 hours per week for approximately two weeks, Monkey in Paradise owes Plaintiff approximately $580 in federal minimum wage. *See Salaka v. Live*

THE BURTON FIRM

*Music Tutor, Inc.*, 614CV1154ORL40DAB, 2016 WL 639366, at *8 (M.D. Fla. Jan. 27, 2016), *adopted,* 2016 WL 625337 (M.D. Fla. Feb. 16, 2016) (holding the employer "cannot meet its burden of establishing the applicability of the exemption on these facts" where "Plaintiff was never paid anything, let alone the amount required in the statute"); *see also Schmidt v. FCI Enterprises LLC*, 118CV01472RDAJFA, 2019 WL 13251332, at *4–5 (E.D. Va. Oct. 1, 2019) ("Defendants concede that Plaintiffs were not paid the minimum rate of $455 per week from September 15 to October 5, 2018. Accordingly, the exemption does not apply to Plaintiffs for that period of time."); *Scott v. Trustify Inc.*, 1:19-CV-00032-LO-MSN, 2019 WL 4198624, at *5 (E.D. Va. July 29, 2019), *adopted*, 2019 WL 4195338 (E.D. Va. Sept. 4, 2019) (holding that "[b]ecause defendants did not pay plaintiffs the federal minimum salary between November 1 through November 19, 2018," "none of the exemptions in 29 U.S.C. § 213 apply to plaintiffs unpaid work" and accordingly, "defendants violated the FLSA for non-payment of minimum wages to plaintiffs under 29 U.S.C. § 206 for November 2018").

27.     Monkey in Paradise has admitted it owes Plaintiff substantial monies, as evidenced by an email it sent her on March 10, 2023, which states as follows:

Hi Melani,

You have $10,108.73 and I have $9,847.21 (difference = $261.52)
Other than rounding, the difference is due to your "October Exp" for $263.00

Actually the expense report is for $263.53 and all expenses were paid using your AMEX card, so we don't owe you these $263.53.
I'm attaching that report for your reference.

28.     Yet, notwithstanding this admission by Monkey in Paradise that it owes $9,847.21 to Plaintiff, consisting of $2,719.00 in unpaid salary for the missed pay period in January 2023 and of $7,128.21 in costs, the Defendants have continued to fail to pay Plaintiff.

### COUNT I – BREACH OF CONTRACT
### AGAINST MONKEY IN PARADISE

29.     Plaintiff repeats and realleges paragraphs 1 through 28 as if fully set forth herein.

30.     Plaintiff on the one hand, and Defendant Monkey in Paradise on the other hand, entered into a valid contract.

31.     Defendant Monkey in Paradise materially breached the Agreement by failing to pay all amounts owed to Plaintiff under the contract.

32.     Plaintiff did not materially breach the Agreement.

33.     As a proximate cause thereof, Plaintiff suffered damages.

WHEREFORE, for all of the foregoing reasons, Plaintiff demands a judgment against Defendant, Monkey in Paradise, LLC, for all damages allowed under the law, together with pre-judgment and post-judgment interest and costs, as well as any other relief the Court deems just and proper.

THE BURTON FIRM

## COUNT II – UNJUST ENRICHMENT
## AGAINST MONKEY IN PARADISE

34.     Plaintiff repeats and realleges paragraphs 1 through 28 as if fully set forth herein.

35.     Plaintiff has conferred benefits on Defendant Monkey in Paradise, who has knowledge thereof.

36.     Defendant Monkey in Paradise voluntarily accepted and retained the benefit conferred.

37.     The circumstances are such that it would be inequitable for Defendant Monkey in Paradise to retain the benefit without first paying the value thereof to the Plaintiff.

38.     As a proximate cause thereof, Plaintiff suffered damages.

WHEREFORE, for all of the foregoing reasons, Plaintiff demands a judgment against Defendant, Monkey in Paradise, LLC, for all damages allowed under the law, together with pre-judgment and post-judgment interest and costs, as well as any other relief the Court deems just and proper.

THE BURTON FIRM

## COUNT III – UNPAID WAGES
## AGAINST MONKEY IN PARADISE

39.     Plaintiff repeats and realleges paragraphs 1 through 28 as if fully set forth herein.

40.     Plaintiff was employed by Defendant Monkey in Paradise.

41.     Plaintiff performed her duties for Defendant Monkey in Paradise until the time of her termination.

42.     Defendant Monkey in Paradise failed to pay all wages and reimbursements owed to Plaintiff.

43.     The monies owed by Defendant Monkey in Paradise to Plaintiff constitute wages within the meaning of Florida law.

44.     Thus, Defendant Monkey in Paradise is required to pay attorneys' fees and costs in the event Plaintiff is determined by the Court to be the prevailing party under this cause of action.

WHEREFORE, for all of the foregoing reasons, Plaintiff demands a judgment against Defendant, Monkey in Paradise, LLC, for damages for unpaid wages, in an amount to be determined at trial, plus pre-judgment interest, post-judgment interest, attorneys' fees, and costs incurred in the prosecution of this action pursuant to Fla. Stat. § 448.08, and for any other and further relief this Court deems just and proper.

THE BURTON FIRM

## COUNT IV – FAILURE TO PAY MINIMUM WAGE
## PURSUANT TO THE FAIR LABOR STANDARDS ACT
## AGAINST MONKEY IN PARADISE

45.    Plaintiff repeats and realleges paragraphs 1 through 28 as if fully set forth herein.

46.    This count arises from Defendant Monkey in Paradise's willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for its failure to pay minimum wages to Plaintiff.

47.    Plaintiff was not exempt from the minimum wage provisions of the FLSA.

48.    For at least a portion of the time of her employment, Plaintiff was paid by Defendant Monkey in Paradise at a rate less than minimum wage.

49.    Defendant Monkey in Paradise's failure to comply with the minimum wage requirements of the FLSA, and consequently, Defendant Monkey in Paradise's failure to pay minimum wage to Plaintiff, is an intentional, willful, and/or reckless violation of the FLSA.

50.    Plaintiff is due unpaid minimum wage and liquidated damages, pursuant to 29 U.S.C. § 216.

WHEREFORE, Plaintiff prays for judgment against Monkey in Paradise, LLC in the amount of the owed minimum wages for all time worked by Plaintiff, liquidated damages in an amount equal to the amount of unpaid minimum wages, finding that Monkey in Paradise's violations of the FLSA are willful, reasonable attorneys' fees

THE BURTON FIRM

and costs incurred in prosecuting this action; pre-judgment and post-judgment interest, and such other and further relief as this Court deems just and proper.

## COUNT V – INDIVIDUAL LIABLITY
## UNDER THE FAIR LABOR STANDARDS ACT
## AGAINST PATRICK MCGEENEY

51.     Plaintiff re-alleges and re-avers paragraphs 1 through 28, and 45 through 50 as if fully set forth herein.

52.     The individual Defendant, Patrick McGeeney, is an FLSA employer, as defined in 29 U.S.C. § 203(d), as he had operational control over the Defendant corporation, Monkey in Paradise, LLC, and additionally was directly involved in decisions affecting employee compensation and hours worked by employees, such as Plaintiff. Patrick McGeeney also controlled the purse strings for the Defendant corporation.

53.     As an FLSA employer, Patrick McGeeney is jointly and severally liable to Plaintiff, together with the corporate Defendant, Monkey in Paradise, for all damages owed to Plaintiff under the FLSA.

**WHEREFORE**, Plaintiff requests compensatory and liquidated damages, as well as attorney's fees, costs, and all permissible interest, from the individual Defendant, Patrick McGeeney, jointly and severally with the corporate Defendant, Monkey in Paradise, LLC, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all amounts owed and allowable to Plaintiff under the Fair Labor Standards Act, including but not limited to the full amount of the owed

THE BURTON FIRM

minimum wages and overtime wages for all time worked by Plaintiff, liquidated damages in an amount equal to the amount of unpaid minimum wages and overtime wages, including any damages pursuant to a finding that Monkey in Paradise's violations of the FLSA are willful, nominal damages, reasonable attorneys' fees and costs incurred in prosecuting this action, pre-judgment and post-judgment interest, and such other and further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

54.    Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted,

*Counsel for Plaintiff, Melani Henkle*

**THE BURTON FIRM, P.A.**
2875 N.E. 191st Street, Suite 403
Aventura, Florida 33180
(305) 705-0888
pleadings@theburtonfirm.com
rb@theburtonfirm.com
mburton@theburtonfirm.com

By:   /s/ Marc A. Burton
Marc A. Burton      Fla. Bar No. 95318
Richard J. Burton   Fla. Bar No. 179337

THE BURTON FIRM